## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARVIN U. BLAS, | ) DOMESTIC CASE NO. DM0059-11 |
| | ) |
| Plaintiff, | ) |
| | ) FINDINGS OF FACT & |
| vs. | ) CONCLUSIONS OF LAW |
| | ) |
| TRISHA C. BLAS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On December 21, 2011, a bench trial was held before the HONORABLE VERNON P. PEREZ. Attorney William B. Pole represented Plaintiff, who was present. Attorney Seaton M. Woodley IIII represented Defendant, who was present. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. Plaintiff and Defendant have been residents of Guam for more than ninety (90) days.

3. Plaintiff and Defendant married on November 22, 2008 on Guam.

4. There are no children of the marriage.

5. The date of separation was February 15, 2010.

### CONCLUSIONS OF LAW

6. The Court concludes from testimony brought forward that Defendant committed adultery during the marriage, which lead to the separation of the Parties. The Plaintiff shall be granted divorce on the grounds of adultery under 9 GCA § 8204. As a result of the Court's findings, the Court will divide all community property of the marriage as the Court finds appropriate according to the facts in the case. 9 GCA § 8411.

7. Plaintiff shall have and be awarded the 2007 Ford Sport Trac. The vehicle is in Kentucky and Defendant will not be required to pay for the transportation of the vehicle back to Guam. Title should be transferred back to the Plaintiff.

8. Defendant shall have and be awarded all personal clothing, jewelry and effects in her possession belonging to her before the marriage.

9. Both Parties shall share equal interest in all property purchased for the family home or received as gift for the marriage, including: 52 inch television, California King Bed, bedroom set, dining room set, clothing, shoes, tools, coin collection and home theater system which are all located in Newport News, Virginia. All community property mentioned in this section shall be sold and evenly distributed between the Parties. If either Party desires to retain a particular asset and not have it sold off, that Party should notify the other Party and buy out their share in the item.

10. Plaintiff shall assume and hold Defendant harmless on the Navy Federal Credit Union loan taken out as security for the purchase of the 2007 Ford Sport Trac.

11. Both Parties shall be responsible for the consolidation loan taken through Navy Federal Credit Union for the amount of $9,500.00. Each Party will pay half of the monthly loan payment. The Parties could also make a full monthly payment alternating monthly or pay off the loan in full to facilitate payment.

12. All debts in a spouses name alone are separate debts. All miscellaneous property items in the possession of a Party shall remain their respective separate property. All other property not mentioned in this section is assumed to be the separate property of the spouse currently with possession or as discussed above.

13. The Court does not find that Defendant wasted community property. Defendant claims that any community property, such as the dining and sofa set, was sold to pay off obligations on the Ford Sport Trac. The Court finds Defendant's action regarding the sold assets appropriate and will not require reimbursement.

14. Plaintiff will receive $800.00 each month in spousal support until the Final Decree of Divorce. The Court will not address the Military Basic Housing Allowance as that is not covered under Guam law.

15. Plaintiff shall also recover attorney's fees and costs.

16. Defendant is returned to her maiden name, to wit: TRISHA RAPOLLA CRUZ.

## INTERLOCUTORY DECREE OF DIVORCE

17. On evidence presented to the satisfaction of this Court, Plaintiff's Complaint for Divorce is hereby GRANTED. It is ORDERED and DECREED as an Interlocutory Judgment that Plaintiff is entitled to Divorce from Defendant on the above stated grounds. Within six months of this Interlocutory Judgment, the Parties or the Court may move the Court to enter a Final Judgment granting divorce and restoring the Parties to the status of single persons, and permitting either Party to marry after the entry thereof.

18. This is not a final judgment of divorce, the Parties are still husband and wife and neither can remarry in Guam or anywhere else until a Final Judgment of Divorce is entered.

So ORDERED this 28th day of June, 2012.

Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 2 8 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam